**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ELIJAH JOHNSON, *also known as*
E'JAI BEY,

                          Plaintiff,

    - v -                                        Civ. No. 9:21-CV-1226
                                                                (GLS/DJS)

YONKERS CITY COURT and WESTCHESTER
COUNTY JAIL,

                          Defendants.
_____

**APPEARANCES:**                              **OF COUNSEL:**

ELIJAH JOHNSON
262642
Plaintiff, pro se
Westchester County Jail
P.O. Box 10
Valhalla, NY 10595

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

      The Clerk has sent to the Court for its consideration a pro se Complaint submitted by plaintiff Elijah Johnson ("Plaintiff"). Dkt. No. 1 ("Compl."). Plaintiff, who is currently confined at Westchester County Jail ("Westchester C.J."), has not paid the statutory filing fee for this action, but requests leave to proceed *in forma pauperis*. Dkt. No. 4 ("IFP Application"). Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 alleging a violation of his civil rights arising from events that occurred, if at all, at Yonkers City Court and Westchester C.J. *See generally*, Compl.

      The relevant venue provision for a Section 1983 action is 28 U.S.C. § 1391(b), which provides as follows:

> A civil action may brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper, a district court may *sua sponte* transfer an action in the interest of justice and for the convenience of the parties and witnesses to any other district where it might have been brought. *See* 28 U.S.C. § 1404(a); *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990); *Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); *Kelly v. Kelly*, 911 F. Supp. 70, 71 (N.D.N.Y. 1996). "The purpose of section 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Flaherty v. All Hampton Limousine, Inc.*, 2002 WL 1891212, at *1 (S.D.N.Y. Aug. 16, 2002) (internal quotations and citations omitted).

When considering whether to transfer *sua sponte*, courts follow the same traditional analysis used when a party moves for a change of venue. *See, e.g., Flaherty v. All Hampton Limousine, Inc.*, 2002 WL 1891212, at *1-2. Specifically, "[m]otions to transfer venue are governed by a two-part test: (1) whether the action to be transferred 'might have been brought' in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Id*. at *1.

Here, assuming federal jurisdiction exists in this case and that Plaintiff's claims are not frivolous, Plaintiff could have brought this action in the United States District Court for the Southern District of New York because the alleged constitutional violations occurred at Westchester C.J., which is located in Westchester County in the Southern District of New York. *See* 28 U.S.C. § 112(b).

Based upon the foregoing, the Court finds that venue of Plaintiff's action is not proper in this District. *See* 28 U.S.C. § 1391(b).  The Court further determines that it is in the interest of justice that this action be transferred to the Southern District of New York. *See* 28 U.S.C. § 1406(a).  The Court makes no ruling as to the sufficiency of Plaintiff's complaint or the merits of Plaintiff's IFP Application, thereby leaving those determinations to the Southern District of New York.

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of this Court shall transfer this action to the United States District Court for the Southern District of New York; and it is further

**ORDERED** that the Clerk of this Court advise the Clerk of the Southern District of New York of the entry of this Decision and Order and provide all information necessary for the Clerk of the Southern District to electronically access the documents filed in this action.  The Court hereby waives the fourteen (14) day waiting period provided for in Local Rule 83.6; and it is further,

**ORDERED** that the Clerk serve a copy of this Decision and Order on the Plaintiff.

Date:  January 4, 2022
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge