UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIJAH JOHNSON AKA E'JAI BEY,

        Plaintiff,

-against-

YONKERS CITY COURT; WESTCHESTER COUNTY JAIL,

        Defendants.

22-CV-0049 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently detained at the Westchester County Jail, brings this *pro se* action challenging his criminal proceedings in the Yonkers City Court.[1] By order dated March 28, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Plaintiff filed this action in the United States District Court for the Northern District of New York. On January 4, 2022, that court transferred the complaint to the Southern District of New York. (ECF 9.)

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action challenging his criminal proceedings in the Yonkers City Court. He names as defendants the Yonkers City Court and the Westchester County Jail. Plaintiff seeks release from custody and money damages.

The following assertions are taken from the complaint. Plaintiff is a citizen of the "Al Moroccan Empire" and "shall be recognized as E'Jai Bey[,] [his] free national appeallation [sic]" rather than the Fourteenth Amendment "brand name" Elijah Johnson given to him at birth. (ECF 1, at 1.) The Yonkers City Court "has been doing fraudulent activity," such as claiming to have jurisdiction and authority to sentence Plaintiff and lock him in jail, while "demanding finances from [him]." (*Id*.) The state court is "discriminating against [Plaintiff's] citizenship and conspiring against [his] rights" by claiming that he has assaulted a police officer without any proof, "kidnapp[ing]" him, and unlawfully jailing him. (*Id*.) Plaintiff is being held at the Westchester County Jail in violation of federal law.

According to public records maintained by the New York State Unified Court System, New York State authorities arrested Plaintiff multiple times in the spring and summer of 2021. He now faces several charges in the Yonkers City Court. *See People v. Johnson*, Nos. CR-3057-21, CR-3426-21, CR-5119-21, CR-5120-21, CR-5121-21, CR-6683-21 (Yonkers City Ct.).

## DISCUSSION

**A.     Section 1983**

Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Plaintiff brings this action asserting that state entities violated his federal rights, the complaint is construed as being brought under Section 1983.

3

B.     **Ongoing Criminal Proceedings**

Plaintiff brings this action seeking relief from his criminal prosecution in the Yonkers City Court. He essentially requests this Court's intervention in his pending state court proceedings. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). Federal courts generally abstain from intervening in state criminal proceedings "'under the principle known as comity [because] a federal district court has no power to intervene in the internal procedures of the state courts.'" *Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (quoting *Wallace v. Kern*, 481 F.2d 621, 622 (2d Cir. 1973)).

Here, abstention under *Younger* is appropriate because the relief Plaintiff seeks would require the Court to review or intervene in his ongoing state-court criminal proceedings. New York State has an important state interest in enforcing its criminal laws, and Plaintiff does not assert any facts suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. Nor does he state any facts suggesting that the state forum is in any way inadequate to entertain a challenge to the constitutionality of his prosecution. As each of the requirements for *Younger* abstention is satisfied in this case – Plaintiff's state criminal proceedings are still pending, they involve important state interests, and will afford him the opportunity to present his constitutional objections to the alleged violations − this Court must abstain from interfering in Plaintiff's ongoing criminal prosecutions. *See Sprint*, 571 U.S. at 72.

### C.  Habeas Corpus

For relief, Plaintiff seeks release from custody. But Plaintiff may not obtain release from custody in a Section 1983 action; instead, he can only obtain such relief by bringing a petition for a writ of *habeas corpus*. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement).

Some district courts have held that a state pretrial detainee may challenge the constitutionality of his detention in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[3] *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (collecting cases). Before seeking *habeas corpus* relief under Section 2241, however, a state pretrial detainee must first exhaust available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.* Because the complaint does not suggest that Plaintiff exhausted his remedies in the state

---

[3] The Court notes that where a pretrial detainee challenges his custody in a *habeas corpus* petition brought under Section 2241, courts have applied the *Younger* doctrine and declined to intervene in the state court proceeding. *See, e.g.*, *Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) (applying *Younger*, but noting that "the length of pretrial incarceration [52 months] is highly troubling and, on its face, raises substantial questions").

5

courts, the Court declines to recharacterize this Section 1983 action as a petition for a writ of *habeas corpus* brought under Section 2241.[4]

**D.      Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed under the doctrine of *Younger* abstention. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 4, 2022
         New York, New York

/s/ Laura Taylor Swain<br>LAURA TAYLOR SWAIN<br>Chief United States District Judge

---

[4] When a district court construes a complaint brought under Section 1983 as a Section 2241 petition, it must notify the *pro se* plaintiff that it intends to recharacterize the pleading and provide the litigant an opportunity to decline the conversion or withdraw the petition. *Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004).